

OFFICE OF THE
ASSISTANT REGISTRAR, LAND COURT
STATE OF HAWAII
(Bureau of Conveyances)

The original of this document was
recorded as follows:

Doc 3582243
CTN 365,484 & 365,479
MAR 30, 2007 11:00 AM

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 03 2007

at 1 o'clock and 40 min. P M
SUE BEITIA, CLERK

CR 03-00495 DAE-09

LAND COURT SYSTEM ) REGULAR SYSTEM

After Recordation, Return by Mail (x)    Pickup ( )

To:   Stuart N. Fujoka
      Nishioka & Fujioka
      841 Bishop St. #224
      Honolulu, Hawaii 96813

TITLE OF DOCUMENT: MORTGAGE

Mortgagor: Howard Wallace Nash and Josephine Lillian Nash, husband and wife, tenants by the entirety.

Mortgagee: Sue Beitia, Clerk of the United States District Court, District of Hawaii

PROPERTY DESCRIPTION:

TMK: [3] 1-6-069-025, Lot 24, affects TCT # 365,484

TMK: [3] 1-6-102-081, Lot 39, Affects TCT # 365,479

TMK: [3] 1-6-102-080, Lot 41, Affects TCT # 365,479

ORIGINAL

## MORTGAGE

**THIS MORTGAGE** is made this _____ day of _____, 2007, between **HOWARD WALLACE NASH and JOSEPHINE LILIAN NASH**, husband and wife, as Tenants by the Entirety, whose principal place of residence and post office address is 107 Kimo Place, Hilo, Hawaii 96720 (hereafter called the "Mortgagor"), and **SUE BEITIA, Clerk United States District Court, District of Hawai'i**, whose principal place of business and post office address is 300, Ala Moana Blvd., Honolulu, Hawaii 96813 (hereafter called the "Mortgagee").

WHEREAS, Mortgagor is indebted t Mortgagee in the principal sum of TWENTY THOUSAND AND NO/100 DOLLARS ($20,000.00), which indebtedness is evidenced by the Appearance Bond filed on _____, 2007, in the United States District Court for the District of Hawai'i in the case entitled *United States of America vs. Phillip Nash*, Cr. No. 03-00495 DAE, (hereinafter referred to as the "Note");

**TO SECURE** to Mortgagee the repayment of the indebtedness evidenced by the Note, with interest thereon the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the performance of the covenants and agreements of Mortgagor herein contained, Mortgagor does hereby mortgage, grant, convey and assign to Mortgagee, with power of sale, all of the following property:

> All of the property described in Exhibit "A" attached hereto and hereby incorporated herein by this reference.

> **TOGETHER WITH** all the improvements now or hereafter erected on the property and all easements, rents, rights, appurtenances, royalties, mineral, water, water rights and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if the Mortgage is on a leasehold) are herein referred to as the "Property".

> **AND TOGETHER ALSO WITH** (1) if the mortgaged property consists of a leasehold, all options and rights of the Lessee under the lease agreement, and (2) if the mortgaged property consists of an apartment or unit in a Horizontal Property Regime or a unit in a Planned Unit Development, all rights and options and voting rights accruing to the Mortgagor under the terms of the Declaration and By-Laws of the Horizontal Property Regime or the Declaration of Covenants, Conditions and Restrictions of the Planned Unit Development and other documents applicable to the premises and any amendment thereof, including the Apartment or Unit Lease hereinabove mentioned, if any. In either case it being agreed and understood that at the option of the Mortgagee, where the Mortgagor has the right to exercise any options or rights as between the lessee and the lessor if a leasehold, and any options or rights as among the apartment or unit owners, the decision as to the exercise of such rights and options shall be made solely by the Mortgagee. The Mortgagor, in addition to the foregoing, hereby nominates and appoints the Mortgagee (irrevocably so long as this Mortgage remains in effect) the Mortgagor's proxy to vote, and the Mortgagor's agent to act, pursuant to the Declaration, By-Laws or the Declaration of Covenants, Conditions and Restrictions and other documents applicable to the premises and any amendment thereof; failure of the Mortgagee to exercise said rights and options and voting rights shall not be construed as a waiver of the right to exercise such rights, options or voting rights; PROVIDED, HOWEVER, that the Mortgagor shall exercise such rights, options and votes, excepting rights, options and votes involved in the determination to rebuild upon destruction or condemnation of the mortgaged premises and the distribution of the insurance or condemnation proceeds arising upon such destruction or condemnation, and with respect to construction plans, partition of the Horizontal Property Regime or Planned Unit Development, amendments of the Declaration or By-Laws or the Declaration of Covenants, Conditions and Restrictions and any amendment thereof, or appointment of a managing agent, if any, and all rights, options and votes which, in the sole discretion of the Mortgagee, would impair the security of this Mortgage, so long as this Mortgage is not in default, or in the alternative,

unless the Mortgagee shall give notice in writing to the Mortgagor at Mortgagor's last known address of its intention to exercise such rights, options and voting rights under the above provision.

**TO HAVE AND TO HOLD** the same with all improvements now or hereafter erected thereon, and all rights, privileges and appurtenances thereto belonging, and the rents, issues and profits thereof and all of the estate, rights, easements, title and interest of the Mortgagor both at law and in equity, therein and thereto, or appertaining or held and enjoyed therewith, unto the said Mortgagee, and its successors and assigns forever, or for the unexpired term of the lease, if leasehold.

Mortgagor covenants that Mortgagor is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, that the Property is unencumbered, and that Mortgagor will **WARRANT AND DEFEND** title to the Property against all claims and demand, subject to any declarations, easements or restrictions or encumbrances mentioned in Exhibit "A" attached hereto.

Mortgagor and Mortgagee covenant and agree as follows:

1. **Payment of Principal and Interest.** Mortgagor shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, and any prepayment and late charges as provided in the Note.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Mortgagee under the Note and paragraph 1 hereof shall be applied by Mortgagee first to any prepayment and late charges, then to any advances by or other costs of Mortgagee, then to interest payable on the Note, and last to the principal due under the Note.

3. **Charges; Liens.** Mortgagor shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, directly to the payee thereof, unless otherwise directed by Mortgagee. Mortgagor shall promptly furnish to Mortgagee all notices of amounts due under this paragraph, and Mortgagor shall promptly furnish to Mortgagee receipts evidencing such payments. Mortgagor shall promptly discharge any lien which has priority over this Mortgage; provided, that Mortgagor shall not be required to discharge any such lien so long as Mortgagor shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Mortgagee, or shall in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

4. **Insurance.** Mortgagor shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Mortgagee may require and in such amounts and for such periods as Mortgagee may require; provided, that Mortgagee shall not require that the amount of such coverage exceed that amount of coverage required to pay the sums secured by this Mortgage; provided, however, that if the Property or any portion thereof constitutes an apartment in a Horizontal Property Regime, or a unit in a Planned Unit Development, and the Declaration of Horizontal Property Regime or By-Laws or Declaration of Covenants, Conditions and Restrictions applicable thereto provides that the Association of Apartment or unit Owners keep all buildings of the project or Planned Unit Development insured against loss or damage by fire with extended coverage, then the Association of Apartment Owners established by the Declaration of Horizontal Property Regime herein mentioned or the Community Association of said Planned Unit Development (either such Association, as applicable, herein referred to as the "Association"), will at all times, while any of the indebtedness secured hereby remains unpaid keep or cause to be kept insured all buildings and improvements now or hereafter constituting the said project or Planned Unit Development against such hazards and in such amounts, in such form or forms of policies and with such endorsements thereon, all as specified in the Declaration and By-Laws, or Declaration of Covenants, Conditions and Restrictions, and in companies selected by the Association, authorized to do business in the State of Hawaii, and will pay or cause to be paid the premises thereon at the time and place the same are payable.

The insurance carrier(s) providing the insurance shall be chosen by Mortgagor from insurance companies authorized to do business in the State of Hawaii. **NOTICE IS HEREBY GIVEN BY Mortgagee**

TO Mortgagor THAT Mortgagee MAY NOT CONDITION THE GRANTING OF THE LOAN SECURED BY THIS MORTGAGE ON THE Mortgagor PROCURING ANY INSURANCE WHICH Mortgagor IS REQUIRED TO OBTAIN UNDER THIS MORTGAGE FROM ANY INSURANCE COMPANY DESIGNATED BY Mortgagee. All premiums on insurance policies shall be paid by Mortgagor making payment, when due, directly to the insurance carrier, unless otherwise directed by Mortgagee.

All insurance policies and renewals thereof shall be in form acceptable to Mortgagee and shall include a standard mortgage clause in favor of and in form acceptable to Mortgagee. If the Mortgagor shall procure any other insurance on the improvements on the Property, all such insurance shall likewise include such standard mortgage clause in favor of the Mortgagee and will be claimable by the Mortgagee for application in accordance with this paragraph, and, whether or not so made payable, may be recovered by the Mortgagee by any appropriate proceedings and be similarly applied. Mortgagee shall have the right to hold the policies and renewals thereof, and Mortgagor shall promptly furnish to Mortgagee all renewal notices and all receipts of paid premiums. In the event of loss, Mortgagor shall give prompt notice to the insurance carrier and Mortgagee. Mortgagee may make proof of loss if not made promptly by Mortgagor.

In the Property is damaged or destroyed, then the proceeds of the insurance insuring against such damage or destruction will be applied, at Mortgagor's option, to repair, restore or rebuild the Property, or to reduce the amount Mortgagor owes to Mortgagee under the Note and under this Mortgage. Any such proceeds not used to repair, restore or rebuild the Property shall be applied to the sums secured by the Mortgage. If the insurance proceeds are to be applied to the sums secured by this Mortgage, then the excess proceeds, if any, shall be paid to Mortgagor. If the Property is abandoned by Mortgagor, or if Mortgagor fails to respond to Mortgagee within thirty (30) days from the date notice is mailed by Mortgagee to Mortgagor that the insurance carrier offers to settle a claim for insurance benefits, Mortgagee is authorized to collect and apply the insurance proceeds to restoration or repair of the Property.

Unless Mortgagee and Mortgagor otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of any installment called for under the Notes or change the amount of any such installments. If under paragraph 15 hereof the Property is acquired by Mortgagee, all right, title and interest of Mortgagor in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Mortgagee to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

5. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Mortgagor shall perform all of Mortgagor's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

6. **Protection of Mortgagee's Security.** If Mortgagor fails to perform the covenants and agreements contained in this Mortgage, of if any action or proceeding is commenced which materially affects Mortgagee's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Mortgagee at Mortgagee's option, upon notice to Mortgagor, may make such appearance, disburse such sums and take such action as is necessary to protect Mortgagee's interest, including, but not limited to, disbursement or reasonable attorney's fees and entry upon the Property to make repairs.

Any amounts disbursed by Mortgagee pursuant to this paragraph 6, with interest thereon, shall become additional indebtedness of Mortgagor secured by this Mortgage. Unless Mortgagor and Mortgagee agree to other terms of payment, such amounts shall be payable upon notice from Mortgagee to Mortgagor requesting payment thereof, and shall bear interest from the date of the disbursement at the rate payable from time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable

law, in which event such amounts shall bear interest at the highest rate permissible under applicable law. Nothing contained in this paragraph 6 shall require Mortgagee to incur any expense or take any action hereunder.

7. **Inspection.** Mortgagee may make or cause to be made reasonable entries upon and inspections of the Property, provided that Mortgagee shall give Mortgagor notice prior to any such inspection specifying reasonable cause therefor related to Mortgagee's interest in the Property.

8. **Condemnation.** The Proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Mortgagee.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Mortgagor. In the event of a partial taking of the Property, unless Mortgagor and Mortgagee otherwise agree in writing, there shall be applied to the sums secured by this Mortgage such proportion of the proceeds as is equal to that proportion which the amount of the sums secured by this Mortgage immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Mortgagor.

If the Property is abandoned by Mortgagor, or if, after notice by Mortgagee to Mortgagor that the condemnor offers to make an award or settle a claim for damages, Mortgagor fails to respond to Mortgagee within thirty (30) days after the date such notice is mailed, Mortgagee is authorized to collect and apply the proceeds, at Mortgagee's option, either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless Mortgagee and Mortgagor otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of any installment called for under the Notes or change the amount of any such installments.

9. **Continuing Liability of Mortgagor.** Unless Mortgagee agrees in writing to release the original Mortgagor or any of Mortgagor's successors in interest, any extension of the time for payment or modification of amortization of the sums secured by the Mortgage granted by Mortgagee to any successor in interest of Mortgagor shall not operate to release, in any manner, the liability of the original Mortgagor and Mortgagor's successors in interest. Mortgagee shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Mortgagor and Mortgagor's successors in interest.

10. **Forbearance by Mortgagee Not a Waiver.** Any forbearance by Mortgagee in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Mortgagee shall not be a waiver of Mortgagee's right to accelerate the maturity of the indebtedness secured by this Mortgage.

11. **Remedies Cumulative.** All remedies provided in this Mortgage are distinct and cumulative and any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

12. **Successors and Assigns Bound; Joint and Several Liability; Captions.** The Covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Mortgagee and Mortgagor, subject to the provisions of paragraph 14 hereof. All covenants and agreements of Mortgagor shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

13. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Mortgagor provided for in this Mortgage shall be given by mailing such notice by certified mail, return receipt requested addressed to Mortgagor at the address on the first page of this Mortgage or at

such other address as Mortgagor may designate by notice to Mortgagee as provided herein, and (b) any notice to Mortgagee shall be given by certified mail, return receipt requested, to Mortgagee's address stated herein or to such other address as Mortgagee may designate by notice to Mortgagor as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Mortgagor or Mortgagee when given in the manner designated herein.

14. **Transfer of the Property; Assumption.** If all or any part of the Property or an interest therein is sold or transferred by Mortgagor without Mortgagee's prior written consent (which consent shall not be unreasonably withheld), including without limitation by way of a conveyance, agreement of sale, or otherwise, excluding (a) the creation of a mortgage subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant, or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Mortgagee may, at Mortgagee's option, declare all the sums secured by the Mortgage to be immediately due and payable. Mortgagee shall have waived such option to accelerate if, prior to the sale or transfer, Mortgagee and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Mortgagee and that the interest payable on the sums secured by this Mortgage shall be at such rate as Mortgagee shall request. If Mortgagee has waived the option to accelerate provided in this paragraph 14, and if Mortgagor's successor in interest has executed a written assumption agreement accepted in writing by Mortgagee, Mortgagee shall release Mortgagor from all obligations under this Mortgage and the Notes.

If Mortgagee exercises such option to accelerate, Mortgagee shall mail Mortgagor notice of acceleration in accordance with paragraph 13 hereof. Such notice shall provide a period of not less than thirty (30) days from the date the notice is mailed within which Mortgagor may pay the sums declared due. If Mortgagors fails to pay such sums prior to the expiration of such period, Mortgagee may, without further notice or demand on Mortgagor, invoke any remedies permitted by paragraph 15 hereof.

15. **Acceleration; Remedies.** Except as provided in paragraph 14 hereof, upon Mortgagor's breach of any covenant or agreement of Mortgagor in the Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Mortgagee prior to acceleration shall mail notice to Mortgagor as provided in paragraph 13 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than thirty (30) days from the date the notice is mailed to Mortgagor, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. If the breach is not cured on or before the date specified in the notice, Mortgagee at Mortgagee's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by law. Mortgagee shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in the paragraph 15, including, but not limited to, reasonable attorney's fees.

If Mortgagee invokes the power of sale, Mortgagee shall mail Mortgagor a notice of sale in the manner provided in paragraph 13 hereof. Mortgagee shall publish a notice of sale and shall sell the Property at the time and place under the terms specified in the notice of sale. Mortgagee or Mortgagee's designee may purchase the Property at any sale under power of sale or judicial sale.

The proceeds of any sale shall be applied to the following order: (a) to all reasonable costs and expenses of sale, including, but limited to, reasonable attorney's fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto. **IF THE PROCEEDS SHALL BE INSUFFICIENT TO DISCHARGE THE ENTIRE INDEBTEDNESS OF Mortgagor TO Mortgagee, THE Mortgagee MAY HAVE OTHER LEGAL RECOURSE AGAINST Mortgagor FOR THE DEFICIENCY.**

16. **Governing Law; Severability.** This Mortgage shall be governed by the law of the State of Hawaii. In the event that ny provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage and the Note are declared to be

severable.

17. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Mortgagor hereby assigns to Mortgagee the rents of the Property, provided that Mortgagor shall, prior to acceleration under paragraph 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 15 hereof or abandonment of the Property, Mortgagee shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collections of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

18. **Defaults on Prior Mortgages.** A default under any mortgage prior to this Mortgage that continues for thirty (30) days or more, or the commencement of any action to foreclose any such prior mortgage, shall constitute a default under this Mortgage and all amounts secured hereby shall immediately become due and payable without notice at the option of the Mortgagee, notwithstanding the provisions of paragraph 15 to the contrary.

If the Mortgagor defaults under any prior mortgage, the Mortgagee shall have the right but not the obligation to cure any such default, and all amounts paid or advanced by Mortgagee to cure such default, including all costs and expenses incident thereto, together with interest from the time of such payments shall be added to the indebtedness secured by this Mortgage and may be collected hereunder at any time thereafter.

19. **Definition of Planned Unit Development.** The term "Planned Unit Development" as used herein shall mean a development of two or more lots subject to a Declaration of Covenants, Conditions and Restrictions or similar restrictions (hereinafter called "covenants") in which individual lots are individually owned or leased and the common area lot or lots are owned or leased by a Community Association which is a Hawaii non-profit corporation organized to exercise all of the powers and privileges and to perform all of the duties and obligations of the corporation as set forth in the covenants, and which corporation's members consist of every person or entity who is a record owner of a fee or leasehold interest in any individual lot within the development which is subject by the covenants to assessment by such corporation, and which such membership is appurtenant to and may not be separated from ownership of any such individual lot.

20. **Release.** Upon payment of all sums secured by this Mortgage and payment by Mortgagor for the costs of a release, Mortgagee shall release this Mortgage. Mortgagor shall pay all costs of recordation, if any.

**IN WITNESS WHEREOF,** Mortgagor and Mortgagee have executed these presents the day and year first above written.

_____
HOWARD NASH
"Mortgagor"

_____
JOSEPHINE NASH
"Mortgagor"

_____
SUE BEITIA,
Clerk United States District Court,
District of Hawai'i
"Mortgagee"

C:\Doc\Fedcrim\2006\Nash\MORTGAGE.002.wpd

6

STATE OF HAWAII                    HAWAII                    )
~~CITY AND~~ COUNTY OF ~~HONOLULU~~                          ) SS:
                                                             )

On this __19__ day of __MARCH__, 2007, before me personally appeared **HOWARD WALLACE NASH**, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that such person executed the same as that person's free act and deed.

                                           _GERAINE SANTIAGO_
                                           GERAINE SANTIAGO, Notary Public, State of Hawaii
                                           My commission expires: APR 0 9 2008

STATE OF HAWAII                    HAWAII                    )
~~CITY AND~~ COUNTY OF ~~HONOLULU~~                          ) SS:
                                                             )

On this __19__ day of __MARCH__, 2007, before me personally appeared **JOSEPHINE LILIAN NASH**, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that such person executed the same as that person's free act and deed.

                                           _Geraine Santiago_
                                           Notary Public, State of Hawaii
                                           My commission expires: APR 0 9 2008

STATE OF HAWAII                                              )
CITY AND COUNTY OF HONOLULU                                  ) SS:
                                                             )

On this __27th__ day of __March__, 2007, before me personally appeared **SUE BEITIA**, Clerk United States District Court, District of Hawai'i, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that such person executed the same as that person's free act and deed.

                                           _Eileen Chun Sakoda_
                                           Notary Public, State of Hawaii
                                           My commission expires: 3-20-2008

# EXHIBIT "A"

**FIRST:**

All of that certain parcel of land situate at Keaau, District of Puna, Island and County of Hawaii, State of Hawaii, described as follows:

Lot 24, area 12,000 square feet, more or less, of Block 20, as shown on Map 70, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1053 (amended) of W. H. Shipman, Limited;

Together with a right-of-way for road and utility purposes in common with others thereunto entitled, over, across and under Lot 8388, as shown on Map 70, and Lot 1311, as shown on Map 44 of said Application;

Being all of the land described in Transfer Certificate of Title No. **365,484**.

NOTE: Lot 24 has access to Pahoa Road over Lots 64 to 67, inclusive, in Block 65, as shown on Map 70, as set forth by Land Court Order No. 17800, filed on January 20, 1960.

**SECOND:**

All of that certain parcel of land situate at Keaau, District of Puna, Island and County of Hawaii, State of Hawaii, described as follows:

Lot 39, area 8,100 square feet, more or less, in Block 68, and an undivided 1/882 interest in roadway Lot 8389, containing an area of 31.111 acres, to be used in common with others entitled thereto, for road purposes only as shown on Map 80; and together also with right of way across Lot 1311, a 40-foot roadway, as shown on Map 44, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1053 amended of W. H. Shipman, Limited;

Being a portion of the land described in Transfer Certificate of Title No. **365,479**.

**THIRD:**

All of that certain parcel of land situate at Keaau, District of Puna, Island and County of Hawaii, State of Hawaii, described as follows:

Lot 41, area 8,100 square feet, more or less, in Block 68, and an undivided 1/882 interest in roadway Lot 8389, containing an area of 31.111 acres, to be used in common with others entitled thereto, for road purposes only as shown on Map 80; and together also with right of way across Lot 1311, a 40-foot roadway, as shown on Map 44, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1053 amended of W. H. Shipman, Limited;

Being a portion of the land described in Transfer Certificate of Title No. **365,479**.



EXHIBIT A