STUART N. FUJIOKA 4223
1188 Bishop St. Ste. 1006
Honolulu, HI 96813
ph.(808) 544-00068, fax 544-0078
e-mail: stuart@snfaal.com

Attorney for defendant Phillip Nash [09]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| United States of America, | Cr. No. 03-0495 DAE |
|---|---|
| plaintiff, | |
| v. | |
| Phillip Nash, [09] | |
| defendant. | |

MEMORANDUM OF LAW

I. SUMMARY OF DEFENDANT'S POSITION

Defendant was on pretrial release from 9/15/04 to 8/22/05 and again from 2/20/07 until his arrest of 3/12/08. Revocation request was based on positive finding of cocaine in urinanalysis conducted by Hina Mauka under contract with the office of U.S. Pretrial Services. At hearing on order to show cause why release should not be revoked, defendant established that Pretrial Services has procedures for collection and preliminary testing of urine samples [Exh. 1]. The requirements have been given to Hina Mauka, and Pretrial Services expects that each collector/tester

will be trained in and adhere to the protocol.

The individual tester, Rube Intong, admitted he is unfamiliar with the requirements of Pretrial Services, as they have never been made known to him. At very least, it was shown that he: Instructed defendant to sign in and out at the same time, and initialled the entry [Exh. 2, p. 4; Failed to check the toilet after defendant provided the specimen [Exh. 1, p. 1, item 5]; Have the defendant place the sticker on the bottle after preliminary positive finding [Exh. 1, p. 1, para. 10; Rube, and not Defendant, placed the specimen in the shipping pouch while defendant was outside the testing room [Exh. 1, p. 1, para. 13]; Defendant was not present during all phases of the drug test [Exh. 1, p. 4]. The sample was sent to Kroll Laboratories in Virginia and again found to contain cocaine.

At OSC, Defendant argued that these deviations nullify the drug test results because, as set forth in the instructions of Pretrial Services, "Any deviation from the protocol can render the urine specimen invalid..." Chain of custody protocol must be observed and preserved at all times." [Exh. 1, pp. 3,4]. The court found that notwithstanding the deviations, Hina Mauka had preserved the integrity of the specimen, that the sample was indeed that of Phillip Nash, and it shows he used cocaine in violation of the terms of his release. Accordingly, Pretrial Release was revoked.

Defendant maintains that he Magistrate Judge erred by failing to ascribe proper significance to the deviations in drug collection protocol. The specimen and test should have been rejected with defendant to remain on release.

II. ARGUMENT

The Bail Reform Act of 1984, ("Act") as amended in 1986 and 1988, 18 U.S.C. §§ 3141 and 3142, requires courts to detain prior to trial arrestees charged with certain serious felonies only if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure . . . the safety of any other person and the community." The Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. (". . . the Act operates only on individuals who have been arrested for particular extremely serious offenses. . ." ) United States v. Salerno, 107 U.S. 2095, 2102-2103 (1987). Title 18 § 3142(b) mandates pretrial release ("shall order the pretrial release") on personal recognizance or an unsecured appearance bond unless the court determines that such will not reasonably assure the person's appearance or will endanger the safety of any other person or the community. Congress prescribed a list of factors to be considered. Id. § 3142(g). If after a hearing the court determines that no condition or combination of conditions will reasonably assure the appearance of the person, the court is to

3

order the defendant's detention. Id. § 3142(c).

Defendant maintains that he has not endangered the public and has made every court appearance in this case and bail should be reinstated.

> CrimLR57.8. Appeal of Detention or Release Orders.
>
> Any party is entitled to an expedited review of, or appeal from, an order of a magistrate judge releasing or detaining a defendant pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143 et seq. Such an appeal or review shall be de novo.

Considering the established purposes of pretrial release and defendant's general overall compliance, he should be re-released.

A.  Specimen Invalid

The Magistrate Judge erred in deciding harmlessness of the deviations in protocol.

> the State failed to offer the proper foundation for the admission of that report due to the fact that the witness called to introduce the document could not assure the court that proper testing procedures had been followed, that the receptacles in which the specimens were placed had not been washed out with ethyl alcohol, nor that precautions were taken to make sure the specimen, once removed, had not become contaminated. Before any such test result can be admitted in any civil or criminal case, the party seeking to introduce such evidence must first lay a proper foundation for its admission by connecting the specimen with its source, showing that it was properly taken by an authorized person, properly labeled and preserved, properly transported for analysis, and properly tested.

Swanson v. Augusta's Estate, 403 So.2d 118, 124 (La. App., 1981). Defendant maintains that the collector's unfamiliarity with the requirements of Pretrial Services and his actual deviations from protocol preclude consideration of the sample and positive

4

cocaine finding. Defendant should be placed back on pretrial release until sentencing.

The court should insist on strict adherence to specimen collection procedures. Urinanalysis which was not performed in accordance with protocol should be excluded from evidence. See <u>State v. Blaney</u>, 179 Or.App. 452, 39 P.3d 956 (OR. 2002). The rules themselves ensure the integrity of the specimen. In the event of deviation, courts should not draw their own factual conclusion based on credibility assessments or other subjective criteria.

III. CONCLUSION

Defendant respectfully requests that this Court reverse the order of the Magistrate Judge, exclude from evidence the positive drug test, and order defendant placed back on pretrial release.
Dated: Honolulu, Hawaii, April 15, 2008.

_____
Stuart N. Fujioka, attorney
for defendant-appellant

C:\Doc\fedcrim\2006\Nash\det-appeal.001.wpd