IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIP NASH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE'S ORAL ORDER REVOKING
PRETRIAL RELEASE OF DEFENDANT PHILLIP NASH

On April 17, 2008, the Court heard Defendant's Notice of Appeal of the Oral Order Revoking Pretrial Release of Defendant Phillip Nash. Chris A. Thomas, Assistant U.S. Attorney, appeared at the hearing on behalf of Plaintiff; Stuart N. Fujioka, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion, the supporting and opposing memoranda, and after listening to the audio-recording of testimony presented to the Magistrate Judge and reviewing the documentary evidence presented, the Court AFFIRMS the oral order revoking pretrial release of Defendant Phillip Nash.

BACKGROUND

Defendant Nash was released pending trial, with certain conditions imposed, including that of taking drug tests and those drug tests being negative.

Defendant's pre-trial release was revoked on April 10, 2008, after a several hour hearing in front of Magistrate Judge Kurren. Release was revoked because Defendant tested positive for cocaine in a urinanalysis conducted by Hina Mauka, which contracts with Pretrial Services.

Defendant filed the instant appeal of the Magistrate Judge's order revoking release on April 15, 2008. The Government filed an opposition on April 17, 2008, and a hearing was held that day. Defendant asserts that the urine sample is invalid because the individual tester, Rube Intong, stated that he was unfamiliar with Pretrial Services' protocol and requirements for drug testing, he in fact failed to follow that protocol in certain respects, and the Pretrial Services instructions provide that "any deviation from the protocol can render the urine specimen invalid." The deviations from the protocol were as follows: instructing defendant to sign in and out at the same time, failing to check the toilet after defendant provided the specimen, have defendant place the sticker on the bottle after the preliminary positive finding, having the tester place the specimen in the shipping pouch while defendant was out of the room, and that defendant was not present for all phases of the drug test. Defendant insists that although he may have used methamphetamine in the past, he is not a cocaine user. The positive results were confirmed by Kroll Laboratories in Virginia.

Judge Kurren found that notwithstanding the deviations from the protocol, Hina Mauka had preserved the integrity of the specimen, and the sample was indeed that of Defendant. Having violated the terms of his pretrial release, Magistrate Judge Kurren ordered that Defendant's release be revoked.

Defendant argues that Judge Kurren erred by not ascribing the proper significance to the deviations in the drug collection protocol and finding them harmless. Defendant asserts that the collector's unfamiliarity with the requirements of the Pretrial Services' protocol and the actual deviations from the protocol preclude consideration of the sample and the positive cocaine finding.

## STANDARD OF REVIEW

Although this is a revocation of a pretrial release based upon a violation of a condition of release, this Court finds that the standard of review for an appeal to a district judge from a magistrate judge's detention order is the most appropriate standard to apply in this situation since ultimately, the result is the detention of the defendant.

The district court judge makes a de novo review of an appeal of a magistrate judge's pretrial detention order. United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990); CrimLR 57.8. De novo review means that the court "should review the evidence before the magistrate and make its own independent

determination whether the magistrate's findings are correct, with no deference." Id. The district judge need not start anew, but if necessary, the district judge may hold additional evidentiary hearings, "and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." Id.

## DISCUSSION

This Court reviewed the audio-recorded testimony presented to Magistrate Judge Kurren along with the documents received into evidence and the arguments of counsel. The evidence presented to the Magistrate Judge demonstrated that Hina Mauka is a collection facility, and Defendant was the only one being drug tested at the time. There were no other urine samples in the area. The tester was in the room while Defendant urinated and he took the sample from the Defendant, walked across the room and tested it there on the spot. The preliminary test yielded a positive result. The tester had his supervisor confirm the positive result. The Defendant was there for this part of the test, but he got upset and went out into the hallway. The Defendant was given the opportunity to watch the procedure at all times. The tester then labeled the urine and had it shipped to the mainland, where the positive result was confirmed. The deviations in protocol pointed out by Defendant have no impact on the integrity of the sample given by

Defendant. Accordingly, this Court affirms the Magistrate Judge's order of revocation of release.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the oral order revoking pretrial release of Defendant Phillip Nash.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 22, 2008.



_____
David Alan Ezra
United States District Judge

United States of America vs. Phillip Nash, CR. No. 03-00495 DAE; ORDER AFFIRMING MAGISTRATE'S ORAL ORDER REVOKING PRETRIAL RELEASE OF DEFENDANT PHILLIP NASH