# EXHIBIT A

STUART N. FUJIOKA 4223
1188 Bishop St. Ste. 1006
Honolulu, HI 96813
ph.(808) 544-00068, fax 544-0078
e-mail: stuart@snfaal.com

Attorney for defendant Phillip Nash [09]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America,<br><br>plaintiff,<br><br>v.<br><br>Phillip Nash,  [09]<br><br>defendant. | Cr. No. 03-0495 DAE<br><br>DEFENDANT PHILLIP NASH'S [09] EX PARTE MOTION FOR AUTHORITY TO OBTAIN SERVICES; DECLARATION OF COUNSEL; EXHIBITS A, B; ORDER GRANTING DEFENDANT PHILLIP NASH'S [09] EX PARTE MOTION FOR AUTHORITY TO OBTAIN SERVICES |

DEFENDANT PHILLIP NASH'S [09] EX PARTE MOTION FOR AUTHORITY TO OBTAIN SERVICES

    Defendant Phillip Nash, through counsel and accordance with 18 U.S.C. §3006A, subsection (e), respectfully requests authority to obtain services necessary to his defense.  Specifically, defendant requests funding to conduct DNA comparison between his known sample and that which contains cocaine and resulted in revocation of his Pretrial Release.  Though costly, this expense is vital to address possible reconsideration of detention, forfeiture of bail collateral and downward sentencing departures.

    dated: Honolulu, Hawaii, April 28, 2008.

                                        _____
                                        Stuart N. Fujioka, attorney
                                        for movant

STUART N. FUJIOKA 4223
1188 Bishop St. Ste. 1006
Honolulu, HI 96813
ph.(808) 544-00068, fax 544-0078
e-mail: stuart@snfaal.com

Attorney for defendant Phillip Nash [09]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America,<br><br>plaintiff,<br><br>v.<br><br>Phillip Nash, [09]<br><br>defendant. | Cr. No. 03-0495 DAE |

DECLARATION OF COUNSEL

Stuart N. Fujioka, an attorney duly licensed before this honorable court, hereby declares that the following is true and based upon personal knowledge:

1.    Pursuant to 18 U.S.C. §3006A, I am court appointed counsel for the defendant.

2.    He is unable to afford attorney's fees or court expenses.

3.    On 8/21/01, defendant pled guilty herein to violation of 21 U.S.C. 841(a)(1), an offense involving over 50 g. methamphetamine and initial advisory guideline range of level 34, Category VI, 262-327 mos.

4.    Defendant is currently in custody at FDC Honolulu.

5.   Defendant has a history of methamphetamine addiction.

A.   He was on pretrial release from 2/20/07 [with $20,000 property bond subject to forfeiture in the event of violation] and until 3/3/08, all of his drug tests have been negative; his parents' land was pledged as collateral and is subject to forfeiture.

B.   Based on a positive cocaine finding at Hina Mauka, defendant's release status was revoked.

C.   Defendant denies using cocaine, and at hearing on order to show cause why release should not be revoked he established that Hina Mauka deviated from the urine specimen collection and testing protocol of Pretrial Services.

D.   The Hon. Barry Kurren, presiding Magistrate Judge, found that defendant violated his conditions and revoked release, holding essentially that the protocol had been breached but the integrity of the sample was nevertheless preserved, and defendant used cocaine.

E.   Defendant filed an appeal on 4/15/08, and by order of 4/22/08, The Hon. David Ezra affirmed the Magistrate's Order.

   1]   He is perfecting an appeal of that ruling to the 9th Circuit; notice was filed 4/24/08.

F.   Defendant is concerned that: the land pledged by his

2

family will be forfeit; based on his testimony at the revocation hearings [against which the court ruled], the government will seek to enhance his sentence for obstruction of justice; and he will not receive the full value of his cooperation in downward sentencing departure.

6. For the following reasons, Defendant maintains that the tested specimen is not his.

A. Cocaine is not the defendant's drug of choice and he had tested negative for all drugs for over one year.

B. The specimen collector had the opportunity to switch specimens when, as defendant testifies, he took the bottle from defendant and walked away while defendant was washing his hands.

C. The 3/3/08 positive drug test occurred one day after defendant was seen with law enforcement authorities in the area where he was about to begin cooperating with them.

D. He has recently become aware that the Hina Mauka specimen collector is closely aligned with one of the targets of his cooperation, against whom defendant was about to assist in an investigation involving drugs, prostitution, extortion and gambling.

E. Defendant believes that said target had become aware of

3

defendant's prior cooperation against Ms. Skye Stodden.

F.    Defendant believes that his target was also a client at Hina Mauka and regularly presented for drug testing.

G.    He was arrested for this violation when he reported to Pretrial Services on 3/15/08, one day before he was to meet with Law Enforcement officials to begin the above-described cooperation.

H.    DNA comparison would establish that defendant is not the donor of the urine containing cocaine and expose additional violations of the law.

7.    Human Identification Technologies, Inc., 440 Business Center Court Redlands, CA 92373, ph. 909-557-1828 is a ASCLD/LAB [American Society of Crime Laboratory Directors] accredited laboratory and has confirmed through representative Mehul Anjaria that it can perform DNA analysis and comparison on the urine specimen and a known sample to be taken from defendant; there are no similarly-accredited laboratories in Hawaii.

A.    HIT DNA has submitted the proposal attached as Exhibit A, showing that it can analyze the urine and a known specimen for $1,090 per sample, or a total of $2,180.00 plus $25.00 for reference sample collection kit, totaling $2,205.00

4

      B.    Local forensic laboratory INALAB can obtain the known sample using the reference collection kit for $680.63, as set forth in the proposal attached as Exhibit B.

      C.    These prices are comparable with or lower than other laboratories recently contacted by counsel in connection with this matter and in cases pending in State Court.

10.  Adequate representation, including defense against anticipated bail forfeiture motion, challenge to sentencing enhancement for obstruction of justice and argument for downward departure for cooperation completed and that which was thwarted by the switching of urine samples, requires this expense, which totals $2,895.63.

A.    By order of 9/19/06, the court approved $3,000.00 for psychological consultation and examination; while defendant was on pretrial release, he used his own resources to obtain counseling and the approved expense was never incurred.

Dated: Honolulu, Hawaii, April 28, 2008.

                                      _____

                                      Stuart N. Fujioka

C:\Doc\Fedcrim\2006\Nash\expense-DNA.001.wpd



# HUMAN IDENTIFICATION TECHNOLOGIES, INC.
### *HITDNA.COM*

April 18, 2008

**Estimate Prepared For:**
Stuart Fujioka
Attorney at Law
1188 Bishop Street, #1006
Honolulu, Hawaii 96813
Phone: (808) 544-0068
Fax: (808) 544-0078

**Prepared By:**
Mehul B. Anjaria
Human Identification Technologies, Inc.
440 Business Center Court
Redlands, CA 92373
Phone: (909) 557-1828
Fax: (909) 557-1831
Federal Tax ID No. 73-1686466

Re: Estimate / Engagement Letter for DNA Testing

Dear Mr. Fujioka,

Thank you for your inquiry regarding our provision of DNA testing services. Please review this estimate for DNA testing. The scope of work involves DNA testing of 1 questioned sample and 1 reference sample. Estimates for 4 different turnaround time options are presented for you to choose which one best fits your needs. Please initial in the appropriate area next to the samples that you would like to have tested and specify the desired turnaround time. As part of our testing services, appropriate body fluid testing and statistical calculations will be performed, and you will receive a comprehensive, court-ready report.

Scope of Work:

**Nuclear DNA Testing:**

| Sample Description | Price Per Sample 10-20 business day turnaround time | Price Per Sample 7-9 business day turnaround time | Price Per Sample 4-6 business day turnaround time | Price Per Sample 3 business day turnaround time | Initial for Approval |
|---|---|---|---|---|---|
| Questioned sample from urine | $1090 | $1495 | $1795 | $2195 | _____ |
| Reference sample | $1090 | $1495 | $1795 | $2195 | _____ |

Specify Desired Turnaround Time For the Samples To Be Tested _____

**Other Services:**

| | | |
|---|---|---|
| Oral reference sample collection kit | $25 per kit | _____ |

EXHIBIT A 

If there is a need for testing of additional samples, a new estimate will be prepared. In the event testimony is required, HIT will provide this service at a rate of $250 per hour with a maximum of $2,000 per day. Our most current fee schedules can be downloaded and/or printed at hitdna.com.

Upon electing to use our testing services, the next step in the process is to send/fax a completed "case submission form" to the HIT, Inc. laboratory. If you need a copy of the form it is available on our website (hitdna.com) under "Forensic DNA Testing". In addition, please sign and return this estimate letter for our testing services. Our fax number is 909-557-1831.

**Please excuse the formal and mechanical nature of this letter. It is a necessary step to ensure that the nature of our business relationship is clearly understood.**

Feel free to contact me with any questions or concerns you might have regarding this letter. I am looking forward to ensuring that "Genetic Justice™" is being served in this case.

Sincerely,

Mehul B. Anjaria
Senior Vice President/Laboratory Director
Human Identification Technologies, Inc.
909-557-1828

An ASCLD/LAB-*International* accredited
laboratory (since 2007)

This is to confirm my understanding and acceptance of the terms set forth in this engagement letter as well as my receipt of Human Identification Technologies, Inc.'s 'Fee Schedules'.

Date: _____

Printed Name: _____

Signature: _____

Please execute a copy of this letter and return to us. You can fax it to us at 909-557-1831. We will also need to be provided with a 'wet signature' copy for our records.



# INALAB, Inc.

3615 Harding Avenue, Suite 308, Honolulu, Hawaii, 96816
(808) 735-0422 / Fax (808) 735-0047
Experts in Environmental, Forensic, Occupational and Laboratory Services
*Woman owned, Hawaiian owned, Hawaii-based Corporation*
*SERVING HAWAII SINCE 1978*
WWW.INALAB.COM / info@inalab.com TOLL FREE (877) 665-3548



## PROFESSIONAL SERVICES COST PROPOSAL

28 April 2008

Mr. Stuart Fujioka, Esq.
Law Offices
1188 Bishop Street
Suite 1006
Honolulu, Hawaii 96813

Email Address: stuart@snfaal.com
Facsimile Number: 808-544-0078

Telephone Number: 808-544-0068

Re:   Cost proposal for Laboratory Services as follows:  Tissue sampling (oral bucal swab for DNA determination)
at the Federal Detention Center.  *US vs. Nash*

Your assigned Technical Expert:  Mark R. Hagadone, Ph.D., FACFE

## OUR INTENDED SCOPE OF WORK for this project will be:

✓ **Field Sampling**:
A) I will travel to the Federal Detention Center to physically take an oral bucal swab sample for subsequent DNA
analysis.  The sample will be taken under forensic protocol and will be securely handled and delivered to a
mainland testing facility specializing in DNA determinations.

✓ **Laboratory Analysis(es):**
A) Tissue sample will be securely mailed to a mainland testing facility specializing in DNA determinations.

✓ **Technical Consulting:**
A) Available upon request.

## YOUR COST for these services will be:

✓ **Field Sampling:**  (includes 4.712% G.E. Tax)
A) $680.63.

✓ **Laboratory Analysis (es):**  (includes 4.712% G.E. Tax)
A) None we are not providing analytical services in this work.

✓ **Technical Consulting:**  (includes 4.712% G.E. Tax)
A) $ 340.31 / hour if requested.

✓ **Additional Expenses:**
A) None anticipated at this time.

## *ESTIMATED* PRICE FOR SERVICES DESCRIBED ABOVE :  $680.63 for physical tissue sampling under
## forensic protocol at the Federal Detention Center (includes 4.712% G.E. Tax)

**AIHA** and **NIST / NVLAP** ACCREDITED LABORATORY (AIHA Laboratory No. 101812 and NIST / NVLAP Laboratory No. 200655-0). • **ISO
9001** and **17025** COMPLIANT AND CERTIFIED FACILITY. • **IHLAP** (*CERTIFIED* METALS, ORGANICS, and ASBESTOS FIBER) • **BALAP**
(*CERTIFIED* BULK ASBESTOS) • **NVLAP** (*FEDERALLY CERTIFIED* BULK ASBESTOS) • **ELLAP** (*EPA CERTIFIED* ENVIRONMENTAL
LEAD) • **EMLAP** (ENVIRONMENTAL MICROBIOLOGY AND FUNGI) • **CAPT** (COMPRESSED BREATHING AIR AND GAS) • **NAVSEA**
INSPECTED Laboratory for NAVY DIVER BREATHING AIR ANALYSES • LICENSED FORENSIC LABORATORY with STATE AND FEDERAL
**DEA** Licensure. • **EPA Certified** Lead Based Activities Firm • **EPA CERTIFIED** Lead Risk Assessors • **EPA Certified** AHERA
Inspectors/Management Planners • **NIST** Technical Experts in Bulk Asbestos Identification • Ph.D. Chemists • Environmental Scientists •
Toxicologists • Industrial Hygienists

*Controlled Document ID: INALAB Letterhead Rev: 20070324*

EXHIBIT 5

**OUR AVAILABILITY** (from date of signed cost proposal and court authorized expenses to sampling) will be: 5 working days (Monday through Friday excluding State and Federal Holidays).

## Upon completion of our intended scope of work:

*IF YOU WISH*, we will arrange to contact you and other interested parties, you may designate / authorize, *INITIALLY* to verbally discuss our results, opinions, and interpretation *PRIOR TO THE PRODUCTION OF A WRITTEN REPORT / BRIEF. Such discussion shall not include any testimony in any court, deposition or administrative hearing*. There will be no additional charge for this detailed, verbal summary of our results.

### After our verbal report / discussion you have two options:

You may wish to have us prepare a formal written report. This report will typically include data reduction, description of methodology employed, interpretation of results, and summary of quality control data and a concise but complete outline of our findings. Depending upon the circumstances involved (e.g., the scope of work) it may also include professional interpretations, opinions, and recommendations. The cost of this written report will be billed at our professional rate of $325.00 /hr. plus 4.712% G.E. tax for a total of $ 340.31 / hour.

If you prefer, and/ or have in-house technical / interpretative expertise, **a simple faxed Brief (summary) of our analytical findings / results can be prepared and transmitted to you via facsimile at no additional charge.** Remember that there will be no analytical interpretation, professional opinions, recommendations, etc. contained within this Brief.

### SPECIAL CONDITIONS / NOTES

Your assigned technical expert (ATX) is designated on the front of this cost proposal. The ATX is responsible for helping you with any questions you may have regarding general or specific technical issues involved in your scope of work as outlined above. These questions may concern the specific results of our determinations, the methodology employed, the specific limitations of the methodology, modifications to the original scope of work, or the "meaning" of the results as they relate to your overall scope of work.

*Please contact your specific assigned technical expert for questions you may have which directly relate to technical issues involved with this cost proposal, e.g., detection limits, methodology, interpretation of results, technical limitations, etc.*

Your *customer representative* is Ms. Rozlyn Luber. Please contact Ms. Luber directly for questions relating to administrative or logistical matters as described above. Ms. Luber is responsible for helping you with any questions you may have regarding our administrative terms, the status of your specific project in-house, non-technical questions involving turn-around-times (TAT's) for services involved, or for issues involving billing, invoicing, or advanced scheduling of work.

### NOTES:

### OUR PROFESSIONAL CREDENTIALS:

*INALAB, Inc. is an AIHA and NIST / NVLAP ACCREDITED LABORATORY (AIHA Laboratory No. 101812 and NIST / NVLAP Laboratory No. 200655-0). We are an ISO 9001 and 17025 COMPLIANT AND CERTIFIED FACILITY. Our fields of Accreditation include IHLAP (CERTIFIED METALS, SOLVENTS, and ASBESTOS FIBER DETERMINATIONS) and BALAP (CERTIFIED BULK ASBESTOS DETERMINATIONS) and NVLAP (FEDERALLY CERTIFIED BULK ASBESTOS DETERMINATIONS) and ELLAP (EPA CERTIFIED ENVIRONMENTAL LEAD DETERMINATIONS) EMLAP (ENVIRONMENTAL MICROBIOLOGY AND FUNGI) and CAPT (COMPRESSED BREATHING AIR AND GAS DETERMINATIONS). We are a NAVY NAVSEA CERTIFIED Laboratory for NAVY DIVER BREATHING AIR ANALYSES. We are a LICENSED FORENSIC LABORATORY with STATE AND FEDERAL DEA Licensure.*

*For more information regarding our national accreditation see http://www.aiha.org/LaboratoryServices/html/lists.htm or http://ts.nist.gov/ts/htdocs/210/214/scopes/plmtm.htm*

*INALAB, INC. has been conducting occupational, forensic and environmental chemistry continuously for over a quarter of a century in the State of Hawaii. Visit our web site at http://www.inalab.com for more information regarding qualifications of our staffing, special offers and supporting technical links.*

**OUR STANDARD TERMS:** We will require a court order authorizing our expenses made out to **INALAB INC.** along with a signed proposal before *scheduling* work on this project. This money will be held in a *client trust account* and debited as work on this case is completed.
**AIHA Accredited Laboratory • EPA Certified Facility • NIST / NVLAP Accredited Laboratory • Technical Experts in Bulk Asbestos Identification • Ph.D. Chemists • Environmental Scientists • Toxicologists • Industrial Hygienists**

If we exceed the estimated amount of this retainer you will be billed for additional time on a net thirty day basis at the rate described above.  If you are submitting potentially hazardous samples you will be asked for a credit card number to charge against in the event you decide to have us dispose of the samples (see note 9 below).  If these terms present a problem, please call your customer representative, Ms. Rozlyn Luber directly to discuss the matter.  *We gladly accept MasterCard, VISA, American Express, Military IMPAC cards, and electronic deposit/transfer capabilities.* If, after examining this proposed scope of work, we have *misinterpreted* your request, or you have additional work to include or exclude, please don't hesitate to contact us directly to discuss your amended requirements, etc.  We will be happy to modify our proposal accordingly.

**THIS COST PROPOSAL IS GOOD FOR 15 CALENDAR DAYS PAST THE DATE OF ITS PRODUCTION.**

## ACKNOWLEDGMENT

If you are in agreement with our proposal outlined above and our standard conditions presented in the notes below, please sign with your acknowledgment and "re-Fax" the document back to us:

Read, Acknowledged  _____     Date: _____
and Agreed to:          (Signature)

By: _____
                          (Print Name)
For: _____
                          (Company Name)

Very truly yours,                    Credit Card No: _____

*D. Mark R. Hagadone*                 Expiration Date: _____

Mark R. Hagadone, Ph.D., FACFE        Name of Authorized User: _____
Technical Director
INALAB, INC.                          Signature of Authorized User: _____

## STANDARD TERMS / CONDITIONS (READ CAREFULLY):

1) Samples must be submitted before 9:00 AM in the morning to have the day count as a working day for turn-a-round considerations.
2) Our credit terms (if extended) are Net 30 days with 1.5-% service charge, per month, on all accounts older than 30 days from invoice date.
3) Note that we have not AGREED to any delays in our payment due to delays in your ability to collect payment from your client.  If you suspect this may be the case please make payment arrangements with us BEFORE signing this contract.
4) All fees and charges are subject to a 4.712% G.E. Tax.
5) Please be advised that technical experts often draw different conclusions from identical sets of data.  Additionally, unexpected sample matrixes, unanticipated chemical incompatibilities, or unpredictable field conditions/sampling techniques may result in anomalous analytical results.  There are no promises or resolutions regarding these matters which are guaranteed.
6) All samples submitted to our laboratory remain the property of the client.  **NOTE:** We routinely dispose non-hazardous samples within 15 calendar days of reporting (verbally or in writing) testing results.  *THIS CONSTITUTES YOUR ONLY NOTICE OF SUCH DISPOSAL.* If you do not retrieve the sample within 15 calendar days after the written or verbal notice of results AND the sample is non-hazardous in nature, we will dispose of the sample WITHOUT NOTIFYING YOU.  IF the sample is deemed *hazardous* in nature, you will be notified of that fact and asked to arrange suitable disposition of the sample from our laboratory *PRIOR* to reporting results.  If you wish to have us dispose the sample you will be asked to pay (in advance) a handling and disposal fee for each hazardous material sample or related set of samples you wish to have us dispose for you.  Such fee is dependent upon the sample hazard and quantity and will be disclosed to you for your approval prior to such disposal or charge.
7) If any dispute arises out of or relates to this contract or the breach thereof, and if said dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation under the Commercial Mediation Rules of the American Arbitration Association or a similar neutral organization in Honolulu. If, after Mediation, the dispute is not resolved, then the following Arbitration clause applies:
8) Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by Arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association or a similar neutral organization in Honolulu by a single arbitrator in Honolulu, Hawaii.  The prevailing party in the arbitration shall be entitled to an award of attorneys' fees and costs and all arbitration expenses.  The arbitrator shall not have the power to award punitive damages.  Judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof.
9) IT IS FURTHER UNDERSTOOD THAT THIS AGREEMENT TO ARBITRATION IS A WAIVER OF THE RIGHT TO A JURY TRIAL.
10) Except as set forth herein, there are NO WARRANTIES MADE, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.  **Acceptance of this agreement is a waiver of all claims for consequential, incidental or special damages.  Recovery for any claim is limited to the amount paid for services hereunder.**
11) Analytical results may be DELAYED if your account with us is in arrears.
12) Sample collection if requested, at our professional discretion, may be subcontracted to associated specialists.

**AIHA Accredited Laboratory • EPA Certified Facility • NIST / NVLAP Accredited Laboratory •** Technical Experts in Bulk
Asbestos Identification • Ph.D. Chemists • Environmental Scientists • Toxicologists • Industrial Hygienists

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

United States of America,

plaintiff,

v.

Phillip Nash, [09]

defendant.

Cr. No. 03-0495 DAE

ORDER GRANTING DEFENDANT'S *EX PARTE* MOTION FOR AUTHORITY TO OBTAIN SERVICES

This matter having been carefully considered by the court in accordance with 18 U.S.C. §3006A, subsection (e) and good cause appearing therefor, it is hereby ordered that defendant shall be allowed to incur the following litigation expenses.

Human Identification Technologies, Inc., 440 Business Center Court Redlands, CA 92373, ph. 909-557-1828, $1,090.00 each for analysis of two specimens plus $25.00 reference sample kit, for a total of $2,205.00;

$680.63 to Inalab to collect the specimen at the Federal Detention Center.

Total: **$2,895.63.**

Dated: Honolulu, Hawaii, _____.


_____
Judge of the Above-
Entitled Court