STUART N. FUJIOKA 4223
1188 Bishop St. Ste. 1006
Honolulu, HI 96813
ph.(808) 544-00068, fax 544-0078
e-mail: stuart@snfaal.com

Attorney for defendant Phillip Nash [09]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America,<br><br>plaintiff,<br><br>v.<br><br>Phillip Nash, [09]<br><br>defendant. | Cr. No. 03-0495 DAE |

DECLARATION OF COUNSEL

Stuart N. Fujioka, an attorney duly licensed before this honorable court, hereby declares that the following is true and based upon personal knowledge:

1. Pursuant to 18 U.S.C. §3006A, I am court appointed counsel for the defendant.

2. On 8/21/01, defendant pled guilty herein to violation of 21 U.S.C. 841(a)(1), an offense involving over 50 g. methamphetamine and initial advisory guideline range of level 34, Category VI, 262-327 mos.

4. Defendant is currently in custody at FDC Honolulu.

5.  Defendant has a history of methamphetamine addiction.

A.  He was on pretrial release from 2/20/07 [with $20,000 property bond subject to forfeiture in the event of violation] and until 3/3/08, all of his drug tests have been negative; his parents' land was pledged as collateral and is subject to forfeiture.

B.  Based on a positive cocaine finding at Hina Mauka, defendant's release status was revoked.

C.  Defendant denies using cocaine, and at hearing on order to show cause why release should not be revoked he established that Hina Mauka deviated from the urine specimen collection and testing protocol of Pretrial Services.

D.  The Hon. Barry Kurren, presiding Magistrate Judge, found that defendant violated his conditions and revoked release, holding essentially that the protocol had been breached but the integrity of the sample was nevertheless preserved, and defendant used cocaine.

E.  Defendant filed an appeal on 4/15/08, and by order of 4/22/08, The Hon. David Ezra affirmed the Magistrate's Order.

  1]  He is perfecting an appeal of that ruling to the 9th Circuit; notice was filed 4/24/08.

  2]  Counsel has yet to receive the time schedule.

F.  Defendant is concerned that: the land pledged by his family will be forfeit; based on his testimony at the revocation hearings [against which the court ruled], the government will seek to enhance his sentence for obstruction of justice; and he will not receive the full value of his cooperation in downward sentencing departure.

6.  Defendant maintains that the tested specimen is not his.

A.  By written order of 5/13/08, the Hon. Barry Kurren approved funding for DNA comparison between the remaining urine and a known sample from defendant.

B.  INALAB is expected to take defendant's samples at FDC Honolulu this week.

C.  Human Identities Technology has the urine and once it receives the reference samples from INALAB, the analysis and comparison should be completed in 20 business days.

7.  In addition to forfeiture, defendant fears that at sentencing the government will seek to enhance his offense level based on obstruction of justice [as the court's detention order could be construed as an adverse credibility determination to the extent it believed other witnesses and not the defendant].

8. Defendant also requests continuance in order to complete his cooperation.

A. Just before his arrest of 3/15/08, he was about to begin undercover cooperation with federal authority.

B. If he can prevail on either his appeal or motion for DNA testing, he believes he can complete his cooperation and avail himself of downward departure in excess of that currently detailed in the government's motion.

9. The United States of America, through AUSA Chris Thomas, does not object to this motion.

10. The interests of justice require continuance of sentencing.

Dated: Honolulu, Hawaii, May 27, 2008.

_____
Stuart N. Fujioka

C:\Doc\Fedcrim\2006\Nash\m-cont-sent.002.wpd