IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP NASH,<br><br>Defendant. | Case No. 03-cr-00495-DKW-9<br><br>**ORDER (1) DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A); AND (2) DENYING MOTION TO SEAL EXHIBIT D** |

Pursuant to 18 U.S.C. Section 3582(c)(1)(A), Defendant Phillip Nash moves for early release from his 14-month sentence for supervised release violations ("the motion") because of the medical condition of his parents, who Nash claims are in need of his care due to their incapacitation.   After being appointed counsel, Nash filed a reply in support of the motion, raising a new additional basis for early release: the combination of his personal medical condition and the coronavirus pandemic.

Having reviewed the parties' briefing and considered the record in this case, the motion is DENIED because Nash has failed to show extraordinary circumstances under any of the grounds upon which he relies, as required under Section 3582(c)(1)(A)(i).   With respect to the incapacity of his parents, Nash has failed to provide convincing evidence that he is, in fact, the only available caregiver for them, even assuming their incapacitation.   Second, with respect to his own medical

condition, Nash again provides no meaningful evidence that he suffers from any condition that would place him at increased risk should he acquire the coronavirus. Therefore, as more fully set forth herein, the motion, Dkt. No. 712, is DENIED.   In addition, because Nash fails to adequately explain why Exhibit D in support of the motion should be sealed, his motion to seal, Dkt. No. 719, is also DENIED.

## <u>RELEVANT PROCEDURAL BACKGROUND</u>

On June 2, 2008, Nash was sentenced to 160 months' imprisonment and 5 years of supervised release after pleading guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine.   Dkt. No. 557; Dkt. No. 566.   On July 8, 2016, Nash began his term of supervised release.   Dkt. No. 692 at 1.   On March 20, 2020, Nash admitted to various violations of his terms of supervised release, including using methamphetamine on two separate occasions. Dkt. No. 697; Dkt. No. 692 at 1.   This resulted in Nash being sentenced to a further 4 months of imprisonment and 3 years of supervised release.   Dkt. No. 697.   On July 10, 2020, Nash began his second period of supervised release.   Dkt. No. 701 at 1.   On October 7, 2021, Nash admitted to again violating various conditions of his supervised release, including (again) the use of methamphetamine.   Dkt. No. 709; Dkt. No. 701 at 1.   On this occasion, Nash was sentenced to a further 14 months of imprisonment and 2 years of supervised release.   Dkt. No. 709.

2

A few months later, Nash filed the instant motion for compassionate release, asking for his sentence to be reduced to time-served so that he could care for his parents.   Dkt. No. 712.   On January 10, 2022, the government filed a response to the motion.   Dkt. No. 715.   After being appointed counsel, Nash filed a reply in support of the motion.   Dkt. Nos. 714, 718.   In his reply, as well as arguing that he should be released to care for his parents, Nash, for the first time, argued that a rise in coronavirus cases at his place of incarceration–the Federal Detention Center in Honolulu (FDC)–and his own medical condition–asthma–warranted early release. *See generally* Dkt. No. 718.   Nash also filed a motion to seal Exhibit D, Dkt. No. 719, which he contends contains "confidential" medical records.   Dkt. No. 719-2 at 4.   Because Nash raised a new argument in his reply, the Court allowed the government a brief opportunity to file a supplemental response.   Dkt. No. 721.   No such response has been received.   Nor did the government respond to the motion to seal.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative rights to the

extent set forth in the statute;[1]  (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction.    18 U.S.C. § 3582(c)(1)(A)(i).[2]

## DISCUSSION

As mentioned, Nash moves for a sentence reduction due to: (1) the incapacity of his parents, and (2) his medical condition in combination with the coronavirus. The Court addresses each argument in turn.

First, Nash argues that he should be released approximately two months prior to his scheduled April 4, 2022 release date due to the incapacity of his parents.   Dkt. No. 712 at 4.   He asserts that he is the "only child" his parents "have together" and their "sole caregiver…."   *Id*.   In doing so, Nash appears to rely upon Application

---

[1]With respect to exhaustion, in its response, the government "concedes" that Nash exhausted his argument that he should be released in order to care for his parents.   Dkt. No. 715 at 4.   The Court notes that, other than providing a copy of a letter addressed to the FDC's Warden, there is no record that Nash's argument regarding his parents was presented to the Warden or what, if any, response the Warden gave to the same.   In addition, with respect to Nash's new argument that his own medical condition warrants release, there is no record that Nash ever presented it to the Warden or any other BOP official.   Nonetheless, because the government has not responded to this argument, the Court shall address the same on the merits.

[2]The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that an "applicable" policy statement does not exist for motions brought by a defendant under Section 3582(c)(1)(A).   *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).   Instead, the Sentencing Commission's statements "may inform a district court's discretion" in addressing motions brought under Section 3582(c)(1)(A).   *Id*.

4

Note 1(C) of U.S. Sentencing Guideline 1B1.13. *See id*.[3]  Application Note 1(C),

however, requires that a defendant be the "only available caregiver" for a relevant

family member.  *See* U.S.S.G. 1B1.13 App. Note 1(C)(ii).  Here, Nash has

provided insufficient evidence of the same.  Notably, the only statement in his

briefing on this matter is that Nash is the "only child" of his parents.  The record

available to the Court, though, contradicts that representation.  Specifically, the

Presentence Investigation Report (PSR) used for Nash's original sentence in June

2009 provides that Nash is <u>not</u> the only child of his parents.  Instead, Nash is one of

<u>three</u> children.  PSR at ¶ 58 ("The defendant identified his siblings as 45-year old

Charlene Bryant of Waipahu, Hawaii, and 40-year old David Carter of Hilo.").[4]

Furthermore, even if those siblings are unavailable to provide the care Nash claims

his parents need, the PSR also reflects that Nash has at least six children of his own,

all of whom either resided with his parents in the past or were raised with the help of

his parents and, with the exception of perhaps two, would now be over the age of 18.

*Id*. at ¶ 61.  No explanation is provided in Nash's briefing as to the availability of

---

[3]For purposes of the instant motion only, the Court puts aside the fact that, by its own terms, Application Note 1(C) applies only to incapacitation of (i) "the caregiver of the defendant's minor child" or (ii) "the defendant's spouse or registered partner"—neither of which is Nash's *parents*.
[4]The Court notes that, while the PSR is not available on the electronic docket for this case, the language pertinent to Nash's siblings has been included herein.

one or more of these family members to care for his parents.[5]    Therefore, the Court

finds that Nash has failed to show that he is the "only available caregiver" for

purposes of Application Note 1(C).

Nash next argues that the rise in coronavirus cases at FDC places him at

increased risk because he has asthma.    Again, the Court disagrees in light of the

meagre evidence Nash has provided to support this argument.    Notably, although

Nash acknowledges that those with "moderate to severe or uncontrolled asthma"

may be at risk of hospitalization from the coronavirus, he provides no evidence (or

even contends) that he suffers from "moderate to severe or uncontrolled asthma"–

the risk category upon which he relies.    Instead, he merely states that he received a

prescription for an inhaler "due to asthma."    Dkt. No. 718-2 at 3.[6]    Even if the

---

[5]The Court also notes that Nash has failed to provide an update regarding his father's medical
condition following the December 2021 stent implantation surgery for which he claims his father
was scheduled.    This could be important because, prior to any surgery, Nash asserts that his father
cared for his mother.    Dkt. No. 712 at 4.    Should Nash's father have now recovered from his
surgery, then he too could be an available caregiver for Nash's mother.

[6]In doing so, Nash cites to Exhibit D, which he has moved to file under seal.    Dkt. No. 718-2 at 3;
Dkt. No. 719.    In the motion to seal, Nash contends that Exhibit D should be sealed because it
contains his medical records and those records "permeate throughout the documents[,]" thus,
making it "not feasible" to file a redacted version.    Dkt. No. 719-2 at 4.    Exhibit D, however, is
not Nash's medical records.    Instead, it is merely Nash's "Individualized Needs Plan – Program
Review" with no noticeable medical record therein.    Further, while the last page of the document
appears to be a photocopy of a box that once contained an asthma inhaler, that hardly amounts to
medical records that "permeate throughout" the document.    Moreover, in light of the public filing
of Nash's reply, which Nash has *not* sought to seal, it is known information that Nash has
asthma–something which the Court has accepted for purposes of this analysis.    Therefore, it
appears entirely unnecessary to seal any information contained in Exhibit D.    As a result, the
motion to seal, Dkt. No. 719, is DENIED.    Pursuant to Local Civil Rule 5.2(c), Nash shall have
four (4) days from entry of this Order to inform whether he wants to withdraw Exhibit D or have

Court could accept that this means Nash suffers from asthma, it does not mean that he suffers from "moderate to severe or uncontrolled asthma." Therefore, for this reason, the Court finds that Nash has failed to show extraordinary or compelling reasons to warrant a sentence reduction under Section 3582(c)(1)(A)(i).[7]

For the reasons set forth herein, Nash's motion for compassionate release, Dkt. No. 712, and motion to seal, Dkt. No. 719, are DENIED.

IT IS SO ORDERED.

DATED: February 10, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States of America v. Phillip Nash*; CR 03-00495-DKW; **ORDER (1) DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A); AND (2) DENYING MOTION TO SEAL EXHIBIT D**

---

the same filed publicly.   Should Nash fail to inform the Court within four (4) days, Exhibit D will be returned to Nash.

[7]The Court, therefore, need not (and does not) address whether the Section 3553(a) factors would support Nash's release.